# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Nicholas Horbaczewski; Drone Racing League, Inc.

Does 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Justice Laub



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
Superior Court Of California
County Of Los Angeles

JUL 1 0 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

CASE NUMBER:
*(Número de Caso):* **BC667779**

County of Los Angeles, Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA  90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Justice Laub, 2725 Prewett St., Unit B, Los Angeles, CA, 90031, (310) 490-3193

| | | | | |
|---|---|---|---|---|
| DATE: **JUL 1 0 2017** SHERRI R. CARTER | Clerk, by | | | , Deputy |
| *(Fecha)* | *(Secretario)* | | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  Drone Racing League, Inc.

    under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Justice Laub (self-represented)<br>2725 Prewett St., Unit B<br>Los Angeles, CA 90031<br><br>TELEPHONE NO: (310) 490-3193    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 1 0 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Glorietta Robinson, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
  STREET ADDRESS:   111 North Hill Street
  MAILING ADDRESS:   111 North Hill Street
  CITY AND ZIP CODE:   Los Angeles, CA 90012
  BRANCH NAME:   Stanley Mosk Courthouse

PLAINTIFF:  Justice Laub

DEFENDANT:  Nicholas Horbaczewski; Drone Racing League, Inc.

[✔] DOES 1 TO 10

**CONTRACT**

[✔] **COMPLAINT**          [ ] **AMENDED COMPLAINT** *(Number):*

[ ] **CROSS-COMPLAINT**    [ ] **AMENDED CROSS-COMPLAINT** *(Number):*

| Jurisdiction *(check all that apply):* | CASE NUMBER: |
|---|---|
| [ ] **ACTION IS A LIMITED CIVIL CASE**<br>Amount demanded   [ ] does not exceed $10,000<br>                  [ ] exceeds $10,000 but does not exceed $25,000<br>[✔] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**<br>[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint<br>        [ ] from limited to unlimited<br>        [ ] from unlimited to limited | BC 6 6 7 7 7 9 |

1. **Plaintiff** *(name or names):*
   Justice Laub
   alleges causes of action against **defendant** *(name or names):*
   Nicholas Horbaczewski; Drone Racing League, Inc.
2. This pleading, including attachments and exhibits, consists of the following number of pages:  9
3. a. Each plaintiff named above is a competent adult
      [ ] except plaintiff *(name):*
          (1) [ ] a corporation qualified to do business in California
          (2) [ ] an unincorporated entity *(describe):*
          (3) [ ] other *(specify):*

   b. [ ] Plaintiff *(name):*
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b. [ ] has complied with all licensing requirements as a licensed *(specify):*
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [✔] except defendant *(name):* Drone Racing League    [ ] except defendant *(name):*
          (1) [ ] a business organization, form unknown        (1) [ ] a business organization, form unknown
          (2) [✔] a corporation                                (2) [ ] a corporation
          (3) [ ] an unincorporated entity *(describe):*       (3) [ ] an unincorporated entity *(describe):*

          (4) [ ] a public entity *(describe):*                (4) [ ] a public entity *(describe):*

          (5) [ ] other *(specify):*                           (5) [ ] other *(specify):*

          * If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007]
**COMPLAINT—Contract**
Code of Civil Procedure, § 425.12

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Laub v. Horbaczewski, et al. | |

**PLD-C-001**

4. *(Continued)*

   b. The true names of defendants sued as Does are unknown to plaintiff.

      (1) ☑ Doe defendants *(specify Doe numbers):* 1-5 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

      (2) ☑ Doe defendants *(specify Doe numbers):* 6-10 _____ are persons whose capacities are unknown to plaintiff.

   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, and

    a. ☐ has complied with applicable claims statutes, *or*

    b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because

    a. ☑ a defendant entered into the contract here.

    b. ☐ a defendant lived here when the contract was entered into.

    c. ☐ a defendant lives here now.

    d. ☑ the contract was to be performed here.

    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.

    f. ☐ real property that is the subject of this action is located here.

    g. ☑ other *(specify):*

      the breach of contract and injuries from wrongful acts occurred here.

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

   ☑ Breach of Contract

   ☑ Common Counts

   ☑ Other *(specify):*

    Fraud, Intentional Tort (Breach of Fiduciary Duty)

9. ☐ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. ☑ damages of: $ according to proof

    b. ☑ interest on the damages

      (1) ☑ according to proof

      (2) ☐ at the rate of *(specify):* _____ percent per year from *(date):*

    c. ☐ attorney's fees

      (1) ☐ of: $

      (2) ☐ according to proof.

    d. ☑ other *(specify):*

      Injunctive Relief

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: July 10, 2017

Justice Laub

_____
      (TYPE OR PRINT NAME)

▶ _____
     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Laub v. Horbaczewski, et al. | |

First _(number)_  **CAUSE OF ACTION—Breach of Contract**

ATTACHMENT TO  ☑ Complaint  ☐ Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

BC-1. Plaintiff _(name):_ Justice Laub

alleges that on or about _(date):_ January 2015

a ☐ written ☑ oral ☐ other _(specify):_

agreement was made between _(name parties to agreement):_

Justice Laub, Dan Kanes, and Nicholas Horbaczewski

☐ A copy of the agreement is attached as Exhibit A, or

☑ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☑ are as follows _(specify):_

They would be co-founders of and partners in the Drone Racing League, with each owning 1/3 of the company. Mr. Laub and Mr. Kanes would provide ideas for the league, many of which they had already developed, and services related to marketing, strategy, and competitor and fan interaction and experience, among other things. Mr. Horbaczewski would serve as CEO and work on business development.

BC-2. On or about _(dates):_ November-December 2015

defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☑ the following acts _(specify):_

Failing to provide Mr. Laub with any ownership stake or shares in the Drone Racing League.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4 ☑ as follows _(specify):_

Mr. Laub never received any ownership stake or shares in the Drone Racing League.

BC-5. ☐ Plaintiff is entitled to attorney fees by an agreement or a statute

☐ of $

☐ according to proof.

BC-6. ☐ Other:

Page 3

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Laub v. Horbaczewski, et al. | |

Second _____  **CAUSE OF ACTION—Breach of Contract**
*(number)*

ATTACHMENT TO   ☑ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name):*  Justice Laub

alleges that on or about *(date):*  February 2015
a  ☑ written   ☐ oral   ☐ other *(specify):*
agreement was made between *(name parties to agreement):*
Justice Laub, Dan Kanes, and Nicholas Horbaczewski
☐  A copy of the agreement is attached as Exhibit A, or
☑  The essential terms of the agreement   ☐ are stated in Attachment BC-1   ☑ are as follows *(specify):*

They would be co-founders of and partners in the Drone Racing League, with each owning 1/3 of the company. Mr. Laub and Mr. Kanes would provide ideas for the league, many of which they had already developed, and services related to marketing, strategy, and competitor and fan interaction and experience, among other things. Mr. Horbaczewski would serve as CEO and work on business development.

BC-2.  On or about *(dates):*  November-December 2015
defendant breached the agreement by   ☐ the acts specified in Attachment BC-2   ☑ the following acts *(specify):*

Failing to provide Mr. Laub with any ownership stake or shares in the Drone Racing League.

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4   ☑ as follows *(specify):*
Mr. Laub never received any ownership stake or shares in the Drone Racing League.

BC-5.  ☐  Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $ _____
☐ according to proof.

BC-6.  ☐  Other:

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

   
PLD-C-001(2)

| SHORT TITLE:<br>Laub v. Horbaczewski, et al. | CASE NUMBER: |
| --- | --- |

__Third__ _____   **CAUSE OF ACTION—Common Counts**
   (number)

ATTACHMENT TO  [✓] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):*  Justice Laub

   alleges that defendant *(name):*  Nicholas Horbaczewski and Drone Racing League, Inc.

   became indebted to   [✓] plaintiff   [ ] other *(name):*

   a. [ ]  within the last four years
       (1) [ ]  on an open book account for money due.
       (2) [ ]  because an account was stated in writing by and between plaintiff and defendant in which it
           was agreed that defendant was indebted to plaintiff.

   b. [✓]  within the last  [✓] two years  [ ] four years
       (1) [ ]  for money had and received by defendant for the use and benefit of plaintiff.
       (2) [✓]  for work, labor, services and materials rendered at the special instance and request of defendant
           and for which defendant promised to pay plaintiff.
           [ ]  the sum of $
           [✓]  the reasonable value.
       (3) [ ]  for goods, wares, and merchandise sold and delivered to defendant and for which defendant
           promised to pay plaintiff
           [ ]  the sum of $
           [ ]  the reasonable value.
       (4) [ ]  for money lent by plaintiff to defendant at defendant's request.
       (5) [ ]  for money paid, laid out, and expended to or for defendant at defendant's special instance and
           request.
       (6) [ ]  other *(specify):*

CC-2. $ 33,000,000 _____ , which is the reasonable value, is due and unpaid despite plaintiff's demand,
   plus prejudgment interest   [✓] according to proof   [ ] at the rate of _____ percent per year
   from *(date):*

CC-3. [ ]  Plaintiff is entitled to attorney fees by an agreement or a statute
       [ ]  of $
       [ ]  according to proof.

CC-4. [ ]  Other:

Page    5

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]

**CAUSE OF ACTION—Common Counts**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Laub v. Horbaczewski, et al. | |

Fourth _____ **CAUSE OF ACTION—Fraud**
(number)

ATTACHMENT TO ☑ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR- 1. Plaintiff *(name):*  Justice Laub

    alleges that defendant *(name):*  Nicholas Horbaczewski

    on or about *(date):*  2015        defrauded plaintiff as follows:

FR-2. ☑ **Intentional or Negligent Misrepresentation**
    a. Defendant made representations of material fact   ☐ as stated in Attachment FR-2.a   ☑ as follows:

    Mr. Horbaczewski represented that Mr. Laub would get a one-third ownership stake in the
    Drone Racing League if he provided ideas and services described above, and if Mr. Laub
    agreed to make Mr. Horbaczewski a co-founder and CEO of the Drone Racing League.

    b. These representations were in fact false. The truth was   ☐ as stated in Attachment FR-2.b   ☑ as follows:

    Mr. Horbaczewski intended to steal Mr. Laub's ideas and the entire Drone Racing League for
    himself.

    c. When defendant made the representations,
      ☑ defendant knew they were false, **or**
      ☐ defendant had no reasonable ground for believing the representations were true.

    d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described
    in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed
    they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. ☑ **Concealment**
    a. Defendant concealed or suppressed material facts   ☐ as stated in Attachment FR-3.a   ☑ as follows:

    Mr. Horbaczewski concealed his intent to steal the Drone Racing League, and his incorporation
    of the DRL in May 2015 without providing any shares to Mr. Laub, among other things.

    b. Defendant concealed or suppressed material facts
      ☑ defendant was bound to disclose.
      ☐ by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed
      or suppressed facts.

    c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act
    as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed
    facts and would not have taken the action if plaintiff had known the facts.

Page     6

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Fraud**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-C-001(3)

| SHORT TITLE:<br>Laub v. Horbaczewski, et al. | CASE NUMBER: |
| --- | --- |

Fourth                                    **CAUSE OF ACTION—Fraud**
___(number)___

FR-4. ☑ **Promise Without Intent to Perform**

    a. Defendant made a promise about a material matter without any intention of performing it ☐ as stated in Attachment FR-4.a ☑ as follows:

      Mr. Horbaczewski promised Mr. Laub a one-third ownership stake in the Drone Racing League if he provided ideas and services described above, and if Mr. Laub agreed to make Mr. Horbaczewski a co-founder and CEO of the Drone Racing League.

    b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act ☐ as stated in Attachment FR-5 ☑ as follows:

    Mr. Laub shared his ideas for the Drone Racing League with Mr. Horbaczewski, rejected an offer to develop a drone racing TV show that was originated prior to Mr. Horbaczewski's involvement to allow the Drone Racing League to pursue it instead, and provided substantial services to Mr. Horbaczewski to get the Drone Racing League started.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged ☐ as stated in Attachment FR-6 ☑ as follows:

    Mr. Laub received no ownership stake or shares in the Drone Racing League nor any compensation from Mr. Horbaczewski, and also rejected an offer to develop a drone racing TV show that could have generated substantial income.

FIR - 7. Other:

PLD-C-001(3) [Rev. January 1, 2007]                    **CAUSE OF ACTION—Fraud**                    Page 2 of 2

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Laub v, Horbaczewski, et al. | |

Fifth _____ **CAUSE OF ACTION—Intentional Tort**      Page ____8____
   *(number)*

ATTACHMENT TO  ☑ Complaint     ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*:  Justice Laub

  alleges that defendant *(name)*: Nicholas Horbaczewski

  ☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
caused the damage to plaintiff
on *(date)*Nov.-Dec. 2015
at *(place)*Los Angeles, California

*(description of reasons for liability)*:

  Mr. Horbaczewski was partners with Mr. Laub in the Drone Racing League and owed fiduciary
  duties to Mr. Laub. Mr. Horbaczewski breached his fiduciary duties to Mr. Laub by not providing
  him with any ownership stake or shares in the Drone Racing League, and by stealing Mr. Laub's
  ideas and the entire Drone Racing League for himself. As a result, Mr. Laub was damaged in an
  amount to be proven at trial.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION–Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(6)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Laub v. Horbaczewski, et al. | |

## Exemplary Damages Attachment

Page     9

ATTACHMENT TO   ☑ Complaint   ☐ Cross - Complaint

EX-1. As additional damages against defendant *(name)*:
     Nicholas Horbaczewski

Plaintiff alleges defendant was guilty of
   ☑   malice
   ☑   fraud
   ☑   oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages
to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Mr. Horbaczewski always intended and planned to defraud Mr. Laub and steal his ideas and the
entire Drone Racing League. In the Spring and Summer of 2015, Mr. Horbaczewski fabricated a
series of excuses to avoid Mr. Laub's requests for documentation of his ownership stake in the
Drone Racing League. Later that year, Mr. Horbaczewski threatened to cut Mr. Laub out of the
company entirely, and to ruin his life and outspend him in litigation if he ever challenged Mr.
Horbaczewski's being the sole founder and owner of most of the Drone Racing League.

EX-3. The amount of exemplary damages sought is

     a. ☑   not shown, pursuant to Code of Civil Procedure section 425.10.

     b. ☐   $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007)

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number **BC 6 6 7 7 7 9**

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 | |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Monica Bachner | 71 | 729 | |
| Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Joseph R. Kalin | 74 | 735 | |
| Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Steven J. Kleifield | 324 | CCW | |
| Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases | | | |
| Hon. Randolph Hammock | 47 | 507 | | Assignment is Pending Complex Determination | 308 | CCW | |

*Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

– NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

61

**FILED**
Superior Court of California
County of Los Angeles
FILE STAMP

JUL 17 2017

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Norma Alvarado

NOTICE SENT TO:

Laub, Justice
2725 Prewett St., Unit B
Los Angeles          CA   90031

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

JUSTICE LAUB

VS.                      Plaintiff(s),

NICHOLAS HORBACZEWSKI ET AL

                         Defendant(s).

CASE NUMBER

BC667779

**NOTICE OF CASE
MANAGEMENT CONFERENCE**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for October 4, 2017 at 9:00 am in Dept. 61 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: July 17, 2017

Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.
Date: July 17, 2017

Sherri R. Carter, Executive Officer/Clerk

by _____ , Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC-Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Three

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

▪ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

▪ **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.**
Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the Judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

# Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

         i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

         ii. Include a brief summary of the dispute and specify the relief requested; and

         iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

         i. Also be filed on the approved form (copy attached);

         ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)          (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____          ➤ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____          ➤ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER