UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:17-cv-06210-JAK-KS                                Date: January 30, 2019

Title      *Justice Laub v. Nicholas Horbaczewski et al.*

Present:  The Honorable:    Karen L. Stevenson, United States Magistrate Judge

|                Chris Silva                |                    N/A                    |
| :---------------------------------------: | :---------------------------------------: |
|                Deputy Clerk               |           Court Reporter / Recorder       |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS)  ORDER RE: DISCOVERY DISPUTE CONCERNING
*IN CAMERA* REVIEW OF PROPOSED TEXT MESSAGE AND iNOTE REDACTIONS**

### INTRODUCTION

Before the Court for resolution is a discovery dispute concerning certain text messages produced from the cell phone of Defendant Nicholas Horbaczewski ("Defendant") for the period 2009 to the present and a compilation of iNotes from Horbaczewski's iPhone that were disclosed in deposition Exhibit 119 to the Horbaczewski deposition taken on November 30, 2018 (together the "Disputed Production"). The Disputed Production consists of six spreadsheets that aggregated all of the text messages collected from Horbaczewski's phone and his iNotes.

On December 18, 2018, the Court held an emergency telephonic conference regarding the Disputed Production and directed the parties to provide the entirety of Disputed Production for *in camera* review, along with brief memoranda setting out their arguments concerning the Disputed Production.  (*See* Dkt. No. 103.)

//
//
//
//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:17-cv-06210-JAK-KS                              Date: January 30, 2019

Title        *Justice Laub v. Nicholas Horbaczewski et al.*

**BACKGROUND**

In the operative Third Amended Complaint ("TAC")[1], Plaintiffs Justice Laub and Daniel Kanes ("Plaintiffs') allege they are entitled to a two-thirds equity interest in Defendant Drone Racing League, Inc. ("DRL") based on alleged agreements and representations, both verbal and written, between Plaintiffs and Defendant Horbaczewski.  (TAC ¶1-3.)  On July 31, 2018, the Court entered a Stipulated Protective Order (the "Protective Order') in this case, which provides for "Confidential" and "Highly Confidential" designations for sensitive information produced in discovery.  (Dkt. No. 65.)

Plaintiffs propounded discovery requests seeking documents relating to communications between Horbaczewski and themselves concerning the DRL's formation, DRL's investment structure, along with documents relating to communications with other DRL personnel and potential DRL investors about Plaintiffs, Plaintiffs' role in, and/or work for DRL.  (*See*, e.g., Dkt. No. 69 (Minutes of August 20. 2018 Discovery Conference).)  At an earlier discovery conference, Defendant Horbaczewski indicated that he had produced email, text messages, and Google Docs files responsive to Plaintiffs' discovery requests.  (*Id*.)

The instant dispute arises from Defendants' contention that the Disputed Production was inadvertently produced without sufficient review for privilege and privacy concerns.  When Defendants realized what had occurred, they asked Plaintiffs to return the Disputed Production and proposed to replace the original spreadsheets with redacted versions.  Defendants argue that the redactions are proper to exclude information that was privileged, was irrelevant, and/or implicated personal rights of privacy. (Dkt. No. 103.)  Plaintiffs objected to the proposed redactions, arguing that Defendants' extensive redactions for relevance are improper and seek to shield from discovery otherwise relevant and responsive information.

At the December 18, 2018 discovery conference, after hearing the parties' arguments, the Court indicated it would conduct an *in camera* review of the entirety of the Disputed Production and directed the parties to provide all the disputed spreadsheets to the Court along with position statements of no more than five (5) pages further outlining each side's positions. (*Id*.)  Plaintiffs

---

[1]        Laub commenced this action in the Superior Court for the State of California on July 10, 2017.  (Dkt. No. 1 (Notice of Removal).)  Defendants removed the action to the district court on August 22, 2017.  (*Id*.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:17-cv-06210-JAK-KS                                        Date: January 30, 2019

Title          *Justice Laub v. Nicholas Horbaczewski et al.*

were also directed not to review any of the Disputed Production pending the court's in camera review.  The Court scheduled a hearing on the issue for January 16, 2019.  (*Id.*)

On December 28, 2018, Plaintiffs provided the Court two encrypted flash drives and a letter brief (Plaintiffs' Statement").  One flash drive contained the Horbaczewski text message production as compiled in an Excel spreadsheet identified as DRL0007428 and  a 95-page .pdf printout of Horbaczewski's iNotes that was marked as Exhibit 119 at Horbaczewski's deposition ("Exhibit 119").  The second flash drive contained five Excel spreadsheets that Defendants offered as replacement documents: DRL00007427, DRL0007428, DRL00049574, DRL00049575, DRL00049627 – each designated "Confidential"—and a set of proposed redacted iNotes designated "Highly Confidential."

By separate communication, Plaintiff provided a password to permit the Court to access the contents of all six Excel spreadsheets and Exhibit 119 for *in camera* review.[2]  Also on December 28, 2018, Defendants submitted Defendants' Statement Regarding *In Camera* Review.[3]  On January 14, 2019, the Court vacated the discovery hearing and took the matter under submission.  (Dkt. No. 112.)

**THE PARTIES' CONTENTIONS**

Defendants argue that the original production of Horbaczewski's text message files from 2009 to the present was a mistake and the Disputed Production includes privileged and highly sensitive private matters.  Defendants have offered a replacement production that is redacted to remove information Defendants determined to be irrelevant and/or privileged.  Defendants maintain that Plaintiffs should not be allowed to take advantage of a production mistake to broaden the scope of discovery.  (Defendants' Statement at 1.)

---

[2]        Plaintiffs' Statement is attached as Exhibit A to this Order.

[3]        Defendants' Statement Regarding *In Camera* Review  ("Defendants' Statement") is attached as Exhibit B to this Order. The Court directed the parties to provide written position statements of no more than five (5) pages by December 28, 2018.  (Dkt. No. 103.)  On December 29, 2018, Defendants submitted via email an additional fifteen (15) separate .pdf documents along with  twelve (12) separate Excel spreadsheets in support of their statement Because these materials were untimely and did not adhere to the Court's Order, the Court has not considered them here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:17-cv-06210-JAK-KS                                    Date: January 30, 2019

Title        _Justice Laub v. Nicholas Horbaczewski et al._

At the December 18 discovery conference, the parties agreed to narrow the relevant time period to January 2015 to September 2015 and June 30, 2017 through July 31, 2017 for the text messages and iNotes.  (Plaintiffs' Statement at 4.)  The parties did not agree, however, on the scope or propriety of Defendants' proposed redactions to the Disputed Production.  Plaintiffs urge that Defendants should not be permitted to make wholesale redactions of responsive information based on their own subjective determinations of relevance.  Further, Plaintiffs argue that the Stipulated Protective Order is sufficient to prevent disclosure of any sensitive information.

Defendants argue that the text messages and iNotes constitute thousands of "separate documents" and should be clawed back as the spreadsheet was never meant for production, only for purposes of review.  (Defendants' Statement at 2.)  Specifically, Defendants argue that "[e]ach message and note is a separate individual entry, or data element, stored within a database on the phone" that were "compiled into an aggregated readable format in a single Excel spreadsheet for the purpose of review only."  (_Id._)

**LEGAL STANDARD**

Under Rule 26 of the Federal Rules of Civil Procedure, a party may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1).  As amended in December 2015, Rule 26(b)(1) identifies the following factors to be considered when determining if the proportionality requirement has been met:  the importance of the issues at stake in the action; the amount in controversy; the parties' relative access to the relevant information; the parties' resources; the importance of the discovery in resolving the issues; and whether the burden or expense of the proposed discovery outweighs its likely benefit.  (_Id._)  Relevant information need not be admissible to be discoverable.  (_Id._)

The party resisting discovery "has the burden to show that discovery should not be allowed, and the burden of clarifying, explaining, and supporting its objections."  _Oakes v. Halvorsen Marine Ltd_., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:17-cv-06210-JAK-KS                               Date: January 30, 2019

Title       _Justice Laub v. Nicholas Horbaczewski et al._

District courts have broad discretion in controlling discovery.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  The court has similarly broad discretion in determining relevancy for discovery purposes.  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallet,* 296 F.3d at 751) (superseded by statute on other grounds).

**DISCUSSION**

A.     **Defendants Must Produce the Entirety of Responsive Text Message Conversation Threads**

Parties are entitled to discovery of any nonprivileged  information that is

> relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). Further, pursuant to Rule 34(b)(2)(E)(ii), a party must produce electronically stored information "in a form or forms in which it is ordinarily maintained or in a reasonable usable form or forms[.]"  FED. R. CIV. P. 34(b) )(2)(E)(ii).  Rule 34(b)'s requirements are stated in the disjunctive, so the production can be either as ordinarily maintained *or* in a reasonably usable form.

Here, Defendants argue that they did not intend to produce all of Defendant Horbaczewski's text messages and iPhone Notes. (Defendants' Statement at 3.)  This argument somewhat misses the mark.  While the Court recognizes that given the massive amount of communications stored on smart phones, social media platforms, and a seemingly ever expanding number of digital devices, errors can occur in the production of electronically stored information, the volume of information is not the central issue.  If information is *responsive* and not privileged, it must be produced.  Further, under Rule 34(b), it must be produced in a format that is "reasonably usable."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:17-cv-06210-JAK-KS                                        Date: January 30, 2019

Title       _Justice Laub v. Nicholas Horbaczewski et al._

        In this case, the text messages were loaded into an Excel spreadsheet that identifies the
date and time of each message, whether it was sent or received, the sender and recipient, and the
contents of each message.  The spreadsheet format not only makes the messages reasonably
usable, but it also allows the individual messages to be sorted chronologically and read in the
context of the larger conversation in which the message was sent or received.  This is not
dissimilar to being able to read an email chain for purposes of understanding the context in
which a particular email was sent.  A single text message, because individual messages are often
quite brief, may provide no context whatsoever for the overall conversation and, therefore, could
appear to be irrelevant in isolation but may be highly relevant when read in context.

        The problem with Defendants' "proposed substitution" spreadsheets was immediately
apparent during _in camera_ review. DRL00007427 is identified as an "October 3, 2018
Replacement" for certain text messages originally disclosed in their entirety presumably within
the original version of DRL00007428, but this "replacement" document simply shows a date
time stamp, and a single text message.  It gives no indications of who the recipient was and no
context for the conversation at issue.  Defendants' other proposed substitute documents raise
similar concerns about potentially selectively truncated disclosures:

- DRL00049574 (Matt Mazzeo messages): the replacement document lists only 23
  messages;
- DRL00049575 (Matt Mazzeo messages):  the replacement document lists  33 messages;
  and
- DRL00049627  (messages with Christina DeVito, Matt Mazzeo, Ryan Gury, and Tony
  Budding):  the replacement document lists only  25 messages.

Defendants are correct that they were not required to produce all communications between
Horbaczewski and Christina DeVito as she was both in a personal relationship with
Horbaczewski  for a while and at one time worked for the DRL in a human resources position.
Similarly, Horbaczewski and Matt Mazzeo have been friends since college and, therefore, share
communications unrelated to the DRL and/or this lawsuit.  Nevertheless, the proposed redacted
spreadsheets that Defendants offer as "substitutes" do not adequately capture the responsive
communications between these and other key actors that Defendants are obligated to disclose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:17-cv-06210-JAK-KS                                      Date: January 30, 2019

Title       *Justice Laub v. Nicholas Horbaczewski et al.*

Defendants also argue that the Protective Order allows them to "clawback" the inadvertently produced messages.  (Defendants' Statement at 3.)   But the Protective Order provides for a clawback of inadvertently produced *privileged* information without waiving the privilege.  (*See* Stipulated Protective Order, ¶ 11 [Dkt. No. 65].)  It does not provide for a wholesale clawback based on a party's unilateral assertions as to relevance.

**B.      Redactions Based on Subjective Relevance Determinations Are Improper**

Courts in this circuit disfavor unilateral redactions of otherwise discoverable documents. *Live Nation Merchandise, Inc. v. Miller*, Case No. 13-cv-03936 CW (NC), 2014 WL 1877912, at *3 (N.D. Cal. May 9, 2014). Indeed, in *Live Nation*, the district court emphasized that the Federal Rules contemplate only very limited unilateral redaction, such as under Rule 5.2, which is in applicable here.[4]  *Id.* (internal citation omitted).  Other courts have held that "[o]utside of these limited circumstances, a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case." *Evon v. Law Offices of Sidney Mickell*, No. 09-0760, 2010 WL 455476, at *2 n.1 (E.D. Cal. Feb. 3, 2010).   Moreover, a party "may not redact otherwise responsive documents because those documents contain irrelevant material." *Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group*, No. SA CV 15-00246-DOC (DFMx), 2016 WL 6246384, at *3 (internal citations omitted).  These principles guide the Court's analysis here.

The Court has reviewed *in camera*, the complete production of text messages reflected at Excel spreadsheet DRL00007428, as well as Defendants' proposed redacted substitute documents reflected in Excel spreadsheets DRL0007427, DRL0007428 (Oct. 12 replacement), DRL0049574, DRL0049575 and DRL00049627.  Based on the *in camera* review, a significant number of text messages reflected on DRL0007428, appear to be responsive communications during the relevant time frame concerning Laub, Kanes and Horbaczewski related to the efforts to launch the DRL.  As such, these messages are properly subject to discovery without redaction. As noted above, in many instances, it is the *context* of the message conversation that renders the information in a particular message both relevant and responsive.   Defendants' proposed

---

[4]      Rule 5.2 requires that, unless the court orders otherwise,  parties redacted court filings that contain personally identifying information such as social security numbers, birthdate, tax payer identification numbers and the full names of minors. FED. R. CIV. P. 5.2(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:17-cv-06210-JAK-KS                                    Date: January 30, 2019

Title        *Justice Laub v. Nicholas Horbaczewski et al.*

substitute productions at DRL00007427, DRL0007428, DRL00049574, DRL0049575 and DRL00049627 reflect selective redactions of relevant, responsive material.

If, as Defendants contend, the redacted information is wholly irrelevant and/or nonresponsive, then it would afford no unfair advantage to Plaintiffs to have sufficient contextual information to make the responsive, relevant disclosures reasonably usable. Furthermore, Defendants will suffer no prejudice as the information is subject to a robust Protective Order and they can seek to exclude irrelevant information at trial through motions in limine

Accordingly, Defendants may not selectively redact text messages or portions of text message conversations reflected at DRL0007428 as originally produced that they believe to be irrelevant.

**C.        Confidential and Sensitive Private Information is Subject to the Protective Order**

To the extent Defendants argue that they should be permitted to redact information based on privacy concerns, as noted, the parties have a two-tiered Protective Order that is sufficient to address such concerns. (*See* Dkt. No. 62.) Indeed, Defendants designated the Excel spreadsheets containing their proposed redactions of the text messages as "Confidential."

The analysis with respect to the iNotes, however, is somewhat different based on the Court's *in camera* review of Exhibit 119. iNotes functions as a digital notepad on an iPhone. Entries are typically made sporadically and one entry may have no relationship to another. Thus, with iNotes there is not the same concern to preserve context for individual iNotes entries in order to make the responsive disclosures reasonably usable.

Moreover, based on the *in camera* review, the Court has a greater concern for prejudice to Defendant Horbaczewski with respect to the wholesale disclosure of the iNotes notwithstanding the Protective Order. The information in Exhibit 119 appears to be largely personal communications that are both outside the parties' agreed date range and of a clearly nonresponsive nature. For example, Exhibit 119 includes information about preparations for a wedding and other social events, discussions with a personal assistant, shopping lists, personal travel, and other non-DRL related communications wholly unrelated to this litigation or any of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:17-cv-06210-JAK-KS                              Date: January 30, 2019

Title        *Justice Laub v. Nicholas Horbaczewski et al.*

the relevant actors.  Such information simply does not fall within the scope of discoverable information under Rule 26(b)(1).

Accordingly, based on the Court's *in camera* review, Defendants may withdraw Exhibit 119 as produced.  Defendants shall provide a replacement production of iNotes that reflects all responsive, nonprivileged iNotes during the relevant time frame.

**D.        Plaintiffs Have Not Violated the Protective Order**

Defendants also argue that Plaintiffs have violated the Protective Order.  (Defendants' Statement at 5.)  The Court finds no indication this is the case.  Plaintiffs objected to Defendants' efforts to withdraw and substitute unilaterally  redacted versions of the text messages, but those objections do not violate the Protective Order.  Further, when the dispute was presented to the Court at the December 18, 2018 discovery conference, Plaintiffs' counsel confirmed that they would not conduct any further inspection of the Disputed Production before providing it to the Court.  (Dkt. No. 103.)  As noted, when Plaintiffs provided the Disputed Production for *in camera* review, they presented the information on encrypted, password protected flash drives to avoid any chance of unauthorized disclosure, and Plaintiffs indicated they would destroy any other copies of the Disputed Production that remained in their possession.

Accordingly, the Court finds no basis, at this time, to conclude that Plaintiffs have violated the Protective Order.

**CONCLUSION**

The Court having carefully reviewed the Disputed Production as reflected in Excel spreadsheets DRL00007428, DRL00007428 (Oct. 12 replacement), DRL00007427, DRL00049574, DRL00049575, and DRL00049627, as well as Exhibit 119 and the parties' December 28, 2018 submissions, determines that Defendants must produce nonprivileged text messages listed on DRL00007428 as originally produced, consistent with the parties' agreed time frame and as to the relevant individuals without redactions based on Defendants' subjective determinations of relevance. Defendants may designate any information "Confidential" or "Highly Confidential" as appropriate under the Protected Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:17-cv-06210-JAK-KS                                    Date: January 30, 2019

Title      *Justice Laub v. Nicholas Horbaczewski et al.*


Any responsive but privileged text messages withheld from DRL0007428 must be identified on a privilege log.  **Within five (5) days of the date of this Order,** Defendants must confirm that all responsive text messages have been produced.

For the reasons discussed above, Exhibit 119 may be withdrawn.  However, **within five (5) days of the date of this Order,** Defendant must produce any and all iNotes reflecting communications with or about Plaintiffs, or with Cristina DeVito, Matt Mazzeo, Ryan Gury, Trevor Smith, and Tony Budding concerning the DRL's formation, ownership structure, or investment capitalization for the agreed periods:  January 2015 to September 2015; and June 30, 2017 through July 31, 2017.

Further, **within five (5) days of the date of this Order,** Plaintiffs must certify by signed declaration or affidavit that all copies of the Disputed Production or any portions thereof in Plaintiffs' possession, custody or control, have been destroyed.

IT IS SO ORDERED.


Cc: Hon. John A. Kronstadt

| | 0 : 00 |
|---|---|
| **Initials of Preparer** | CSI |

EXHIBIT A



Joseph J. Fraresso
jfraresso@bzbm.com

Our File: 2613.000

December 28, 2018

VIA EMAIL

Honorable Karen L. Stevenson
United States District Court, Central District of California
Roybal Federal Building and Courthouse
Courtroom 580, 5th Floor
255 E. Temple Street
Los Angeles, CA, 90012

Re:   Justice Laub and Daniel Kanes v. Nicholas Horbaczewski, et al.
       Case No. 2:17-cv-06210-JAK-KS

Hon. Magistrate Judge Stevenson:

Per the Court's Order (Dkt. Nos. 103 and 105), Plaintiffs' submissions regarding the text messages and notes that Defendants produced, but now seek to claw back and withhold on the basis that these include allegedly irrelevant and private information are provided below.

1. <u>The Court Should Reject Defendants' Attempt to Unilaterally Redact Portions of Relevant Documents Already Produced Based on Defendants' Views of Relevance, and Order Defendants to Produce the Entirety of the Documents Limited Only by the Relevant Timeframe</u>

Courts routinely reject attempts to unilaterally redact portions of documents based on one party's view that the redacted information is not relevant or responsive. *Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Gp.*, Case No. 15-00246-DOC, 2016 WL 6246384, *2 (C.D. Cal., Feb. 23, 2016) ("[T]he Court agrees with Toyo that CIA may not redact otherwise responsive documents because those documents contain irrelevant material."); *Evon v. Law Offices of Sidney Mickell*, Case No. S-09-0760 JAM, 2010 WL 455476, *2, *4 (E.D. Cal., Feb. 3, 2010); ("[A] party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case. It should not come as a shock to those involved in litigation, that parties may see the outcome differently.")

The reasons why unilateral redaction is improper are simple. First, the existence of a protective order is sufficient to protect the privacy and confidentiality of information disclosed in litigation. *See, e.g., Live Nation Merch., Inc. v. Miller*, No. 13-CV-03936 CW, 2014 WL 1877912, at *3 (N.D. Cal. May 9, 2014) (concerns about privacy interests and confidentiality do not justify unilateral redaction because concerns can be addressed through a protective order); *Holman v. Experian Information Solutions, Inc.*, Case No. 11-00180-CW, 2012 WL 2501085, *6 (N.D. Cal.,

*A Professional Law Corporation*

One Embarcadero Center · Suite 800 · San Francisco, CA 94111
phone: 415.956.1900    fax: 415.956.1152    bzbm.com

2

June 27, 2012) (redactions improper because sensitive information can be protected by a protective order). The Protective Order in this litigation limits the use of information disclosed for the purposes of this litigation and includes both Confidential and Highly Confidential – Attorneys' Eyes Only designations. Dkt. 65, §§ 2.2, 2.3, 7. The Protective Order provides sufficient protection to address Defendants' privacy concerns without the need for Defendants to unilaterally redact information based on Defendants' view of relevance. Moreover, because the Protective Order in this litigation does not permit partial production of documents, documents should be produced in their entirety without redaction. *See Evon*, 2010 WL 455476 at *4.

Second, the unilateral redaction of documents violates Fed. R. Civ. P. 34 that requires the production of **documents** – not separate portions of documents that a party unilaterally decides are relevant. *Bonnell v. Carnival Corporation*, Case No. 13–22265, 2014 WL 10979823, *3 (S.D. Fla., Jan. 31, 2014). The unilateral redaction of portions of documents based on one party's determination of relevance also violates the broad discovery permitted by Fed. R. Civ. P. 26 and makes documents confusing and more difficult to use. *Id.* This is because even allegedly irrelevant information in a document may be highly useful to provide appropriate context for the relevant information. *U.S. ex rel. Simms v. Austin Radiological Assoc.*, 292 F.R.D. 378, 386 (W.D. Tex. 2013). Moreover, parties often have different views of what is relevant further highlighting why redaction or extraction of allegedly irrelevant information is forbidden. *Evon*, 2010 WL 455476 at *4; *Live Nation*, 2014 WL 1877912 at *3.

The Court and the parties have already wasted far too many resources addressing this dispute. The parties have exchanged dozens of emails and met and conferred multiple times in an attempt to resolve this dispute. Additionally, this dispute has been the subject of multiple motions before Judge Kronstadt and your Honor. Dkt. Nos. 95, 103, 105. The substantial time spent on these efforts highlight why Defendants' attempts to unilaterally redact information on the basis of relevance are not only unnecessary because of the Protective Order, but extremely wasteful and inefficient. *Live Nation*, 2014 WL 1877912 at *3 (unilateral redaction leads to unnecessary discovery disputes, delays, and unjustifiably increases the burden imposed on the Court). The Court should order Defendants to produce non-privileged notes and text messages as requested by Plaintiffs because the Protective Order addresses Defendants' concerns, and permitting redaction based on relevance is contrary to law.

2.  <u>The Court Should Order Defendants to Produce Non-Privileged Notes From 2015 Forward</u>

The parties have agreed that notes prior to January 2015, when the parties first met, do not need to be produced. Plaintiffs submit that all non-privileged[1] notes from January 2015 to present should be produced without redactions.

Defendants produced the notes from Defendant Horbaczewski's phone as a single Microsoft Excel spreadsheet (DRL00007427 / Deposition Ex. No. 119). As noted above, redacting information on the basis of relevance from a document is not permitted as a matter of law. *Supra*, § 1. This principle has been applied to notes kept by inventors alleged to contain relevant and irrelevant material. *See Clayton Corp. v. Altachem NV*, Case No. 4:12–cv–01349, 2015 WL 1809426 (E.D. Miss., Apr. 21, 2015). In *Clayton*, the Court rejected attempts to unilaterally redact

---

[1] Defendants raised a claim of privilege as to two of the notes for the first time yesterday.

information unrelated to the litigation and held that a protective order was sufficient to assuage any confidentiality concerns related to the production of non-responsive information. *Id.*, at \*2-3. The Court should follow the rationale in *Clayton* and order Defendants to produce all non-privileged notes without redaction because confidentiality and privacy concerns are addressed by the Protective Order.

The replacement notes provided by Defendants illustrate why Courts refuse to permit unilateral redaction of documents on the basis of perceived relevance. *Evon*, 2010 WL 455476 at \*4 (sanctions are appropriate for hiding information via unwarranted redactions). The "replacement" version of DRL00007427 provided on October 30, 2018 by Defendants consists of a single page dated October 2, 2017 that appears to be a communications plan related to the filing of this lawsuit. The October 30, 2018 "replacement" excludes highly relevant information pertaining to critical issues. For example, this version excludes an entry from January 13, 2015 after venture capitalist Matt Mazzeo contacted Mr. Horbaczewski about the opportunity to work on a drone racing venture with Justice Laub on January 8, 2015. This entry includes the statement that "I've also been contacted by a VC firm I know about a co-founder role in a start-up focused on content on consumer tech. Further meetings next week." The meeting between Messrs. Laub, Mazzeo, and Horbaczewski actually occurred in the next week – on January 22, 2015. This relates to a critical issue in the litigation – whether the parties were co-founders and partners as Plaintiffs allege or whether Horbaczewski was the sole-founder of the DRL as Defendants allege. Who is a founder or co-founder of the DRL is also the basis of Horbaczewski's counterclaim for defamation. Dkt. 90, ¶ 55. This "replacement" also omits an entry from June 30, 2015 where Mr. Horbaczewski notes that he is more comfortable taking "DK money" and would offer "Dan K" (i.e., Plaintiff Dan Kanes) the opportunity to invest at a lower valuation than outside investors. Again, this is highly probative evidence that supports Plaintiffs' claim that the parties were co-founders, partners, and 1/3 owners of the DRL.

These two entries were included in the second "replacement" of the notes that Defendants produced on December 11, 2018.[2] However, the second "replacement" improperly excludes other relevant pages of the notes that the parties discussed during previous meet and confers. Plaintiffs have been precluded from reviewing the original version of DRL00007427 so cannot be precise as to the pertinent information missing from the second "replacement" notes. However, Plaintiffs recall that notes reflecting meetings and conversations with Plaintiffs related to the underlying concepts of the DRL and early drone racing events that the Plaintiffs helped to conceptualize and execute in 2015 have been improperly excluded. These are relevant to Plaintiffs' claims that the DRL is premised on Plaintiffs' ideas and supports the claim that Plaintiffs were co-founders and partners with Horbaczewski. This information also rebuts Defendants' claim of independent creation. Plaintiffs recall other notes related to the DRL's fundraising efforts and potential terms for investment in the DRL offered to Plaintiffs and others were also improperly excluded. For these reasons, Plaintiffs submits that all non-privileged pages of the notes from 2015 to present should be produced without redactions.

---

[2] File named "Notes proposed production_HIGHLY_CONFIDENTIAL."

3. <u>The Court Should Order the Production of Non-Privileged Text Messages with Key Individuals from January 2015 – September 2015 and June 30, 2017 – July 31, 2017</u>

The parties agreed to narrow consideration of Horbaczewski's text messages to communications taking place between January 2015 – September 2015 and June 30, 2017 – July 31, 2017 with Christina DeVito, Matt Mazzeo, Ryan Gury, Trevor Smith, and Tony Budding. Plaintiffs contend that all non-privileged communications with each of these individuals during this timeframe should be produced. Plaintiffs first met Horbaczewski in January 2015 and interacted with Horbaczewski and the other individuals in the January 2015 – September 2015 timeframe as part of their work to establish the DRL. Communications during this timeframe are relevant and discoverable to support Plaintiffs contributions to the DRL related to their *quantum meruit* claim. Similarly, Plaintiffs work with the DRL supports Plaintiffs' claims for breach of contract and breach of fiduciary duty – based on being deemed partners by virtue of acting as co-owners of a business for profit. *See* Cal. Corp. Code, § 16202. On June 30, 2017, Mr. Laub sent Defendants a demand letter before this litigation was commenced. Plaintiffs also seek communications in the immediate aftermath of this letter and submit that these are relevant to the issues in the litigation, including Plaintiffs' contributions, bias of witnesses, and also to Defendant Horbaczewski's defamation counterclaim that relies upon an article published about this litigation shortly after it was filed.

Text messages exchanged with specific individuals are relevant and discoverable. Specifically, Plaintiffs seek production of text messages with: Matt Mazzeo (who introduced Plaintiffs to Horbaczewski as a potential co-founder and investor and to whom Horbaczewski sent a draft pitch deck identifying Plaintiffs as part of the DRL), Christina DeVito (who first suggested to Horbaczewski that he claim a majority of the DRL instead of splitting it in thirds with Plaintiffs as stated in the business plan, reviewed multiple drafts of the business plan, met the Plaintiffs, and attended early DRL events with the Plaintiffs), Ryan Gury and Trevor Smith (who worked closely with Plaintiffs to overcome technical challenges in the early days of the DRL and who Horbaczewski claims originated the ideas for the DRL rather than the Plaintiffs), and Tony Budding (who worked with Plaintiffs and Horbaczewski on early DRL events). Filtering the production of texts to these individuals over the period from January 2015 – September 2015 and June 30, 2017 – July 31, 2017 is simple and proportional to the needs of this case. The Protective Order sufficiently protects the privacy interests of those involved.

Defendants produced Horbaczewski's text messages as a single document. As detailed above, redaction of portions of a document on the basis of relevance is inappropriate and removes important context that may be necessary to understand the clearly relevant portions of a document. *Simms*, 292 F.R.D. at 386 (irrelevant information may be highly useful to provide context for relevant information); *Supra*, § 1. Context is particularly critical for text messages. Text messages are typically very short and have little meaning divorced from the context of their related messages. This is particularly the case for individuals who exchange numerous texts messages because – unlike email – there are often multiple overlapping conversations occurring simultaneously via text message, instead of distinct email threads to assist in organizing the information. The result is that it is difficult to isolate what is relevant from what is not without a detailed factual understanding of the broader context. The redaction of text messages is inappropriate as this removes critical context that is necessary to understand who and what events are being referenced in particular text messages. This is exactly what occurred when comparing Defendants' proposed replacements to the original production of text messages, prior to the Court precluding Plaintiffs from reviewing the

5

original production of texts.  The proposed replacement version was misleading and made it appear as if one individual was being referred to when the broader context in the original production provided clarification that another individual was actually being referred to.  This is exactly the type of harm that results from redactions on the basis of relevance and may result in the document being misleading or useless because the meaning of the text messages cannot be discerned when isolated from their context.

The history of Defendants' proposed "replacement" text messages reinforces why unilateral redaction and isolating text messages from their context is unworkable.  For example, Defendants proposed replacement DRL00007428 provided on October 12, 2018 excludes unequivocally relevant communications with Matt Mazzeo and Cristina DeVito.  On November 29, 2018, Defendants produced DRL00049627 that contains a mere four text messages with Mr. Mazzeo from May 2015, but excludes highly relevant text messages from January-April 2015 when Mr. Mazzeo first introduced Horbaczewski to Plaintiffs and the parties began working together.  Similarly, Plaintiffs recall that certain intertwined text messages exchanged with Ms. Devito have been removed from DRL00049627 such that this document is misleading when compared to the original production that contains all related messages for context.

On December 3, 2018, Judge Kronstadt ordered the parties to confirm that all communications with Matt Mazzeo were provided in a replacement version. Dkt. 95. Defendants refused to provide all communications, which Plaintiffs recall is approximately 500 text messages, but instead only produced 34 text messages that Defendants unilaterally determined to be relevant in violation of Judge Kronstadt's order.   Defendants should not benefit from their deliberate disregard of this Court's orders and should be ordered to produce all text messages with Mr. Mazzeo and other key individuals for the period January 2015 – September 30, 2015 and June 30, 2017 – July 31, 2017.  In short, this is the most efficient and effective manner to resolve the present dispute while simultaneously protecting confidentiality and privacy interests via the Protective Order in this litigation.

4.   Summary of Relief Requested

For the reasons noted above, Plaintiffs request that the Court order Defendants to produce all non-privileged notes from January 2015 to the present and text messages with five key individuals from January 2015 – September 2015 and June 30, 2017 to July 31, 2017.  Any notes or text messages containing purportedly privileged information can be redacted and listed on a privilege log with sufficient information to allow Plaintiffs to evaluate the claims of privilege.

Very truly yours,

/s/ Joseph J. Fraresso

Joseph J. Fraresso

# EXHIBIT B

1  KENNETH A. KUWAYTI (CA SBN 145384)
   KKuwayti@mofo.com
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California  94304-1018
   Telephone: 650.813.5600
4  Facsimile: 650.494.0792

5  NICHOLAS R. FUNG (CA SBN 312400)
   NFung@mofo.com
6  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
7  Los Angeles, California  90017-3543
   Telephone: 213.892.5200
8  Facsimile: 213.892.5454

9  Attorneys for Defendants
   NICHOLAS HORBACZEWSKI and
10 DRONE RACING LEAGUE, INC.

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                   WESTERN DIVISION

15

16 | JUSTICE LAUB and DANIEL | Case No. 2:17-cv-06210-JAK (KSx)
17 | KANES, |
   |                        | **DEFENDANTS' STATEMENT**
18 |          Plaintiffs,   | **REGARDING IN CAMERA**
   |                        | **REVIEW**
19 |     v.                 |
20 | NICHOLAS HORBACZEWSKI, | Hon. Karen L. Stevenson
   | DRONE RACING LEAGUE, INC., |
21 | and DOES 1 TO 10,      |
22 |          Defendants.   |

23

24

25

26

27

28

1    Plaintiffs seek to exploit an inadvertent production of notes and texts from

2    Mr. Horbaczewski's cell phone to unilaterally broaden the scope of discovery. This

3    material contains privileged and highly personal, private information.  Although

4    Plaintiffs have agreed to limit the scope of the Court's review to texts with five

5    individuals for certain date ranges, and to notes after January 1, 2015, they continue

6    to demand production of all texts and notes relating in any way to the DRL or drone

7    racing.  This goes far beyond what this case is about, what Defendants agreed to

8    produce, what the Court ordered to be produced, and even what Plaintiffs requested.

9    **I.    FACTUAL BACKGROUND**

10    On July 24 and 25, 2018, Defendants inadvertently produced a set of six

11    spreadsheets from Mr. Horbaczewski's phone that aggregated all of his texts, the

12    entire contents of his iPhone Notes, Whatsapp, Facebook Messenger, and Twitter

13    applications, and portions of his Safari browser.  (Kuwayti Decl. ¶¶ 2-4.)  These

14    files were produced by mistake, not because of responsiveness.  (*See id.*)

15    Following the protective order, Defendants sent letters in October with

16    replacements, explaining the originals had been inadvertently produced, and asking

17    that they be destroyed.  (*See* Kuwayti Decl. Exs 1-2; ECF No. 65 ¶ 11.)  Plaintiffs

18    never responded, and never said they would not comply.  (Kuwayti Decl. ¶ 4.)

19    At Mr Horbaczewski's November 30 deposition, Plaintiffs marked the

20    original Notes spreadsheet as Exhibit 119.  Defendants realized this the next day

21    and requested return or destruction of that and the other files.  (*Id.* Ex. 3.)  When

22    Plaintiffs refused, Defendants obtained an order the next court day precluding

23    Plaintiffs' counsel from reviewing the files pending this Court's resolution of the

24    issue. (*Id.* ¶ 6; ECF No. 95.)  The parties met and conferred and Plaintiffs

25    eventually agreed to destroy the Whatsapp, Facebook Messenger, Twitter, and

26    Safari browser files.  (*Id.* ¶ 7.)  But on December 13 Plaintiffs counsel's Steve

27    Steinberg violated the December 3 order by reviewing the Notes.  (*Id.* ¶ 8 and Ex.

28    4.)  Mr. Steinberg said he thought this was permitted because it was a deposition

1  exhibit. (*Id.* ¶ 8.) But that exhibit triggered the dispute. See *id.* ¶ 9 and Ex. 3. See

2  also *id.* Ex. 4 (correspondence with court reporter asking not to distribute exhibit);

3  Ex. 6 (Dec. 9 draft joint discovery dispute email featuring Ex. 119).

4  **II.    ARGUMENT**

5     **A.    The Text Messages and Notes Comprise Thousands of Separate**
       **Documents and Can Be Clawed Back**

6  Plaintiffs argue it is improper to redact "irrelevant information from an

7  otherwise relevant and discoverable document." (Pl. 12/18 submission.) But the

8  texts and notes comprising the spreadsheets are not each part of a single document.

9  Each message and note is a separate individual entry, or data element, stored within

10 a database on the phone. (Blackshear Decl. ¶¶ 4-5.) The texts, even as now

11 limited, comprise thousands of unrelated messages with five individuals over nine

12 months. The notes include nearly 100 unrelated entries made over three years. The

13 individual texts and the notes were compiled into an aggregated readable format in

14 a single Excel spreadsheet for the purpose of review only. That is not how they are

15 stored on the phone or how they were intended to be produced. (*Id.* ¶¶ 4-6.)

16 Courts do not normally order production of all texts. *See, e.g., Toranto v.*

17 *Jaffurs*, 2018 WL 3752760 at *2-3 (S.D. Cal. Aug. 6, 2018) (ordering production of

18 responsive texts only from ten people). Plaintiffs did not produce all of their texts,

19 but selected screenshots only with no metadata, and no notes. (Kuwayti Decl. ¶ 10

20 and Ex. 7.) Plaintiffs have not produced <u>any</u> texts between Mr. Kanes and Mr.

21 Laub individually with other key people. (*Id.* ¶ 10.) Defendants have raised this in

22 meet and confer and will ask that the issue be heard at the January 16 hearing.

23 The cases Plaintiffs have cited do not apply here. *Live Nation Merchandise,*

24 *Inc. v. Miller*, 2014 U.S. Dist. LEXIS 65174 at *7-8 (N.D. Cal. May 9, 2014), for

25 example, concerned redaction of a settlement agreement. In *Toyo Tire* the court

26 held only that a party "may not redact otherwise responsive documents because

27 those documents contain irrelevant material." *Toyo Tire & Rubber Co., Ltd. v. CIA*

28

1  *Wheel Group*, 2016 U.S. Dist. LEXIS 184189 at *6-7 (C.D. Cal. Feb. 23, 2016).

2  Here Plaintiffs seek to sweep in individual texts and notes that are not responsive.

3      The premise that Defendants need to justify "redactions" to the aggregated

4  spreadsheets prepared solely for review purposes is wrong.  The issue is whether

5  Plaintiffs are entitled to the individual documents at all.   Moreover, courts have

6  permitted redaction of irrelevant information even within a document.  *See, e.g.,*

7  *Flintkote Co. v. General Acc. Assur. Co. of Canada*, 2009 WL 1457974 at * 6

8  (N.D. Cal. May 26, 2009) (redaction of business information "that is not relevant to

9  this litigation"); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2014 WL

10  4593338, at *5 (N.D. Cal. Sept. 15, 2014) (redactions to financial spreadsheets).

11      The Protective Order also permits Defendants to claw back the inadvertently

12  produced material.  (*See* ECF No. 65 ¶ 11.) Both the texts and the Notes contain

13  privileged material.  They also contain extensive, sensitive private information.

14  The order applies to inadvertently produced materials that are "subject to a claim of

15  privilege *or other protection*." (*Id.*) (Emphasis added.)  California courts recognize

16  the right to privacy and the "compelling need" required for discovery to outweigh

17  it.  *Coleman v. Jenny Craig, Inc.*, 2013 WL 2896884, at *10 (S.D. Cal. June 12,

18  2013) (withholding production of payroll records on privacy grounds); *see also*

19  *Denari v. Superior Ct of Kern County*, 215 Cal. App. 3d 1488, 1500 (1989) ("The

20  California Constitution explicitly recognizes the right to privacy and the state courts

21  recognize the right as supplying a qualified privilege to a discovery demand.").

22      But even if the protective order did not have such a procedure the Court has

23  the authority to order the return of the spreadsheets, especially since they implicate

24  privacy rights.  *See, e.g., Coleman*, 2013 WL 2896884, at *10 (citation omitted).

25      **B.**    **Plaintiffs Are Not Entitled to Any Additional Text Messages**
**Between Mr. Horbaczewski and Ms. DeVito**

26

27      The overwhelming majority of the texts between Mr. Horbaczewski and Ms.

28  DeVito are personal and private and do not concern the DRL.  See Ex. A (1/1/15 to

9/30/15 texts). These personal and private texts, which are highlighted in red, should not be produced. Some texts do relate to the DRL in some fashion. But the Court denied Plaintiffs' request for all communications with Ms. DeVito concerning DRL. (ECF No. 86 at 4.) Defendants have produced the texts with her that refer to Plaintiffs, the business plan, or whether Plaintiffs would receive any ownership interest in the DRL, as required. These are highlighted in yellow.

Plaintiffs contend the production is misleading because it does not include all texts between the dates of Mr. Horbaczewski's meetings with the Plaintiffs on March 11-12, 2015. However, the texts during these dates that were not produced do not relate to Plaintiffs and do not render the context misleading. (*See* Ex. A.)

### C. Plaintiffs Are Not Entitled to Any Additional Text Messages Between Mr. Horbaczewski and Mr. Mazzeo

Defendants have already produced all text messages with Mr. Mazzeo that relate to the DRL. The produced texts are highlighted in yellow in Exhibit B (1/1/15 to 9/30/15 texts) and Exhibit C (6/30/17 to 7/31/17 texts). Mr. Mazzeo and Mr. Horbaczewski are college friends (Horbaczewski Decl. ¶ 5) and the texts that have not been produced do not relate to DRL at all. There should be no dispute.

This is far more than the Court ordered. The Court rejected Plaintiffs efforts to compel all communications with Mr. Mazzeo and ordered only what Defendants had agreed to produce. (ECF No. 69 at 2-3.) Defendants produced these texts, but prior to Mr. Mazzeo's deposition, as a compromise with Plaintiffs, Defendants produced all texts regarding DRL. (*See* Kuwayti Decl. ¶ 11; Ex. 12.)

### D. Plaintiffs Are Not Entitled to Any Additional Texts Between Mr. Horbaczewski and Mr. Gury, Mr. Smith, or Mr. Budding

These three individuals all work for the DRL. Not surprisingly, Mr. Horbaczewski's texts with them pertain to the DRL. Defendants never agreed to produce all of Mr. Horbaczewski's communications with DRL employees regarding the DRL. Plaintiffs never requested this, nor would such a request have been proportional. (See Kuwayti Decl. Exs. 8, 9, and 13.) Mr. Horbaczewski did

1    not even agree to produce all texts that referred to the Plaintiffs (see Kuwayti Decl.

2    Ex. 8 (Resp. to RFP No. 1) although he has now done so. (Kuwayti Decl. ¶ 10.)

3    Plaintiffs are entitled to responsive documents relating to the issues in this case that

4    Defendants have agreed to produce. Any texts referring to Plaintiffs or services

5    they provided or other responsive issues have been produced. Other texts are

6    irrelevant and include confidential information. (Horbaczewski Decl. ¶¶ 4-6.)

7         Plaintiffs should not be entitled to any texts after June 30, 2017, which the

8    Court has applied as a discovery cutoff and which Plaintiffs applied to their

9    production. *See* ECF No. 69 at 1. Their involvement with DRL ended years before.

10   **E.    Plaintiffs Are Not Entitled to Any Additional Notes**

11        The Notes from Mr. Horbaczewski's phone are mainly personal, never

12   intended to be shared. (Horbaczewski Decl. ¶ 10.) They include things like

13   medical information, doctor's appointments, TSA and frequent flier IDs, a wedding

14   speech, and other private material. (*See id.* ¶ 10; Ex. J (Notes.) The personal notes

15   have been highlighted in red. On December 13, after reviewing the notes in

16   violation of the protective order, Plaintiffs identified entries from 20 pages of the

17   Notes that were supposedly relevant because they concerned "DRL, drone racing,

18   my clients". (*See* Kuwayti Decl. Ex. 4.) These notes are highlighted in green in

19   Exhibit J, and attached as a separate exhibit. (*Id.* Ex. K.) Two are privileged. (See

20   Horbaczewski Decl. Ex. 11.) The others are completely irrelevant. There are no

21   unproduced notes regarding Plaintiffs. Plaintiffs never asked Mr. Horbacewski to

22   produce all of his documents regarding "DRL, drone racing" nor could they have.

23   **F.    Plaintiffs Should Certify Destruction of The Six Files**

24        Defendants ask that Plaintiffs be ordered to provide written certification of

25   the destruction of all six files in the form provided in section 13 of the protective

26   order. (*See* ECF No. 65 ¶ 13.) This certification would be required at the end of

27   the case in any event, and it is appropriate to provide it now given the sensitivity of

28   the files and Plaintiffs' violation of the protective order and December 3 order.

1

2   Dated: December 28, 2018          Respectfully submitted,

3                                     KENNETH A. KUWAYTI
                                      MORRISON & FOERSTER LLP

4                                     By: /s/ *Kenneth A. Kuwayti*

5
                                      Attorneys for Defendants
6                                     NICHOLAS HORBACZEWSKI and
                                      DRONE RACING LEAGUE, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28