UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06210 JAK (KSx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | Justice Laub v. Nicholas Horbaczewski, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Cheryl Wynn | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION FOR REVIEW OF NON-DISPOSITIVE RULING REGARDING PLAINTIFFS' MOTION REGARDING TIMELINESS OF DISCOVERY DISPUTES (DKT. 445)**

**I.   Introduction**

This action, in which many pretrial matters have been litigated extensively, has a long procedural history. A thorough summary of the relevant portion of that history is set forth in the March 31, 2020 Order (Dkt. 442) issued by Judge Stevenson. It is incorporated here by this reference. *Id.* at 2-6. The Defendants now seek a review of that Order by this Court.

The present dispute concerns whether Plaintiffs may raise five discovery disputes before Judge Stevenson, notwithstanding that the motion cut-off and discovery cut-off dates in this action have passed. This is similar to many of the prior disputes between the parties. For example, on April 30, 2019, Judge Stevenson granted in part and denied in part a motion by Defendants to compel Plaintiffs to produce certain text messages. Dkt. 212. Plaintiffs sought a review of that order by this Court, which affirmed it. Dkt. 347. That order explained that Judge Stevenson had continuing authority to hear certain discovery disputes arising out of discovery requests that had already been propounded:

> Once Judge Stevenson determined the motion to compel did not seek new discovery, she did not err in finding that the motion to compel was timely. The motion was filed after the non-expert discovery cut-off, but on the last day to file all motions, as amended. This cutoff applies to the filing of discovery motions. Moreover, as Judge Stevenson noted, this Court "provide[d] that Judge Stevenson w[ould] retain jurisdiction in this matter to resolve discovery disputes" after the discovery cut-off. [] That directive arose in the context of a particular discovery dispute, unrelated to the issues presented here, but was not limited in scope to that dispute alone. *See id.* That directive contemplated that the parties could continue to present discovery disputes to Judge Stevenson, to the extent any arose, provided that the parties would not be entitled to serve new discovery requests and thus undercut the core purpose of the discovery cut-off.
>
> As a default, this Court's Standing Order defines the term "discovery cut-off" to mean "the date by which all discovery is to be completed," "not [merely] the date by which discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06210 JAK (KSx) | | Date | July 17, 2020 |
|---|---|---|---|---|
| Title | Justice Laub v. Nicholas Horbaczewski, et al. | | | |

> requests must be served." [] However, as noted, the jurisdictional directive created an exception to the default rule of the Standing Order in order to permit Judge Stevenson to continue to address discovery disputes between the parties. That approach was adopted to serve the interests of party and judicial efficiency. Further the jurisdictional directive would have had little significant under Plaintiffs' interpretation. Instead, Judge Stevenson retained jurisdiction to resolve discovery disputes, including the authority to deny or grant a motion to compel.

*Id.* at 33-34.

On September 16, 2019, Defendants filed an *Ex Parte* Application for an Order Confirming Judge Stevenson's Continuing Jurisdiction Over Motions Relating to Plaintiffs' August 14, 2019 Response to April 30, 2019 Order Granting Defendants' Motion to Compel ("Application for Order Confirming Jurisdiction" (Dkt. 380)). On October 2, 2019, an order issued that granted the Application for Order Confirming Jurisdiction ("October 2, 2019 Order" (Dkt. 398)). The October 2, 2019 Order reiterated that the parties were permitted to continue presenting matters to Judge Stevenson, notwithstanding that the discovery cut-off and motion cut-off dates in this action had passed:

> [T]he July 30, 2019 Order made clear "that the parties could continue to present discovery disputes to Judge Stevenson, to the extent any arose, provided that the parties would not be entitled to serve new discovery requests and thus undercut the core purpose of the discovery cut-off." Dkt. 347 at 33; see Dkt. 95 at 1 (similar). Here, Defendants do not seek new discovery that would conflict with the purpose of the discovery cut-off. Rather, they anticipate motions that seek compliance with previous discovery ordered by the Court, challenge Plaintiffs' designation of recently produced materials as "Highly Confidential - AEO" material and seek sanctions for alleged spoliation that was allegedly discovered recently.

Dkt. 398 at 1-2.

Notwithstanding these prior explanations, the parties have continued to dispute whether and to what extent Judge Stevenson may oversee their ongoing discovery disputes.

**II.      Plaintiffs' Motion for Leave to Raise Discovery Disputes (Dkt. 418)**

On January 24, 2020, Plaintiffs filed a Motion for Leave to Raise Discovery Disputes ("Motion for Leave" (Dkt. 418)) before Judge Stevenson. The Motion for Leave identified five discovery disputes. They arose out of allegedly deficient responses by the Defendants to Plaintiffs' discovery requests that preceded the discovery cut-off date. Dkt. 418 at 5-6. In opposition, Defendants argued that Plaintiffs should have known about these five discovery disputes much earlier, that they became ripe for determination much earlier, and that, because Plaintiffs' delay in raising them reflected a lack of diligence, to grant the requested leave was unwarranted. Dkt. 442 at 9-11 (summarizing Defendants' arguments in their opposition to the Motion for Leave, Dkt. 442).

In the March 31, 2020 Order, Judge Stevenson undertook a careful examination of this Court's previous orders regarding the scope of discovery disputes that could be presented to her for decision. Judge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06210 JAK (KSx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | Justice Laub v. Nicholas Horbaczewski, et al. | | |

Stevenson agreed that "Plaintiffs clearly knew about the[] issues" raised in the Motion for Leave, "well before the discovery cut-off date but took not action to seek relief." However, Judge Stevenson then explained:

> These facts give the Court pause in considering the timeliness of the issues Plaintiffs seek to raise, particularly as it relates to Plaintiffs' diligence in pursuing these issues. But Judge Kronstadt's Orders giving the Magistrate Judge continuing jurisdiction to hear discovery disputes did not set a diligence measure as a threshold determination of the Court's ability to address further discovery disputes.

*Id.* at 12-13.

Judge Stevenson then stated:

> [T]he Court is also not persuaded by Defendants' assertions that Judge Kronstadt's grant of continuing jurisdiction included a requirement that any further motion regarding the discovery dispute be filed prior to (or on) the deadline for filling all motions. Indeed, in the July 30, 2019 Order, Judge Kronstadt expressly stated: "the jurisdictional directive *created an exception to the default rule of the Standing Order* in order to permit Judge Stevenson to continue to address discovery disputes between the parties. That approach was adopted to *serve the interests of party and judicial efficiency*." [] Thus, the Standing Order's default requirement that all motions, including discovery motions, had to be filed by the May 25, 2019 motion deadline, does not control here. The only limitation Judge Kronstadt placed on the Magistrate Judge's ability to resolve additional discovery disputes after the discovery cut-off, was that the parties are not entitled to serve any new discovery requests after the discovery cut-off, as this would "undercut the core purpose of the discovery cut-off." [] . . .
>
> The Court concludes that the plain language of Judge Kronstadt's Orders affords the Magistrate Judge jurisdiction to fully resolve all remaining discovery issues, without regard to the motion filing deadline, so long as the parties did not serve new discovery after the discovery cut-off.

*Id.* at 13.

### III.    Motion for Review

Through the Motion for Review, Defendants contend that Judge Stevenson erred in interpreting the Court's previous orders regarding the scope of discovery disputes that may be presented to her for decision. Defendants contend that Judge Stevenson is not permitted to hear new discovery motions submitted by *Plaintiffs* after the motion cut-off date, notwithstanding that they previously requested a determination that Judge Stevenson could hear a new discovery motion submitted by *Defendants* after the motion cut-off date. Defendants attempt to reconcile their previous position with their present one, by contending that Plaintiffs were not diligent in raising the five disputes at issue in the Motion for Leave.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06210 JAK (KSx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | Justice Laub v. Nicholas Horbaczewski, et al. | | |

Defendants' position is not persuasive. Judge Stevenson made a careful review of this Court's prior orders. The resulting determination as to their scope and effect was accurate. Dkt. 442 at 5-6, 12-13. The limitations that Defendants contend apply to Judge Stevenson's authority to hear discovery disputes arising out of previously propounded discovery, are not reflected in the terms of this Court's prior orders.

Therefore, the Motion for Review is **DENIED**.

\*     \*     \*

Although the Motion for Review is denied, and although Plaintiffs may raise the five disputes identified in the Motion for Leave before Judge Stevenson, the procedural history of this action -- including the extensive litigation of many discovery disputes -- warrants an effort by the parties and the Court to streamline the proceedings. For example, the July 30, 2019 Order deferred any decision on the pending motions for summary judgment and associated evidentiary motions that were heard on July 15, 2019, until after the parties completed additional discovery. Dkt. 347 at 36. A year later, these motions remain under submission, because the parties have not completed this additional discovery.

In light of the foregoing, the parties shall meet and confer, and submit a joint report on or before July 24, 2020, in which they state their respective and/or collective views as to the following matters:

1. Are there any other discovery disputes that either party will seek to present for resolution;
2. If there are such disputes, what is the earliest date on which they can be presented to Judge Stevenson;
3. Whether the resolution of any such disputes would be material to the analysis of the pending motions for summary judgment; and
4. What actions can the parties take, and/or what procedures can the Court adopt, that will lead to a more efficient conclusion of the remaining pretrial process.

The Court recognizes that collaboration between opposing counsel can be challenging when each is a zealous advocate. The Court also respects such advocacy. However, meeting the challenge of collaboration will serve the interests of all parties and the Court. It will preserve resources and allow a more prompt resolution of the substantive issues in this action. Accordingly, counsel are urged to make a renewed effort to proceed in a professional, civil and efficient manner in these proceedings. Counsel should do their best in this regard when addressing the issues in the Joint Report. Upon receiving it, the Court will determine whether to conduct a status conference.

**IT IS SO ORDERED.**

cc:     Magistrate Judge Stevenson

|  | : |  |
|---|---|---|
| Initials of Preparer | cw | |