KENNETH A. KUWAYTI
(SBN 145384)
*KKuwayti@mofo.com*
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

ANDREW DITCHFIELD (admitted *pro hac vice*)
BRIAN M. BURNOVSKI (admitted *pro hac vice*)
*andrew.ditchfield@davispolk.com*
*brian.burnovski@davispolk.com*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

Attorneys for Defendants
NICHOLAS HORBACZEWSKI and
DRONE RACING LEAGUE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUSTICE LAUB and DANIEL KANES,<br><br>Plaintiffs,<br><br>v.<br><br>NICHOLAS HORBACZEWSKI, DRONE RACING LEAGUE, INC., and DOES 1 TO 10,<br><br>Defendants. | Case No. 2:17-CV-06210 JAK (KSx)<br><br>**DEFENDANTS' REQUEST FOR REASONABLE FEES AND EXPENSES INCURRED IN FILING AND BRIEFING THE MOTION FOR SPOLIATION SANCTIONS AGAINST JUSTICE LAUB**<br><br>Date:  September 30, 2020<br>Time:  10:00 a.m.<br>Ctrm:  580<br><br>Action Filed:  July 10, 2017<br>Disc. Cut-Off:  November 30, 2018<br>Pretrial Conf:  None Set<br>Trial Date:  None Set<br><br>Hon. Karen L. Stevenson |

## PRELIMINARY STATEMENT

In its July 22, 2020 order, this Court held that Plaintiff Justice Laub failed to take reasonable steps to preserve text messages even though he was under a duty to do so, that the lost text messages cannot be restored or replaced, and that Mr. Laub's conduct prejudiced Defendants' ability to defend this action. Dkt. 480 at 4–11. As a sanction for Mr. Laub's failure to preserve evidence, the Court ordered him to pay monetary sanctions of $1,200 plus the reasonable fees and expenses incurred by Defendants in making their motion. *Id.* at 13. Defendants now seek $167,173.70 in fees and expenses incurred in connection with moving for spoliation sanctions and in preparing this request for fees.

This amount is appropriate in light of the extensive resources that Defendants expended in securing spoliation sanctions against Mr. Laub. Defendants' counsel researched and analyzed the spoliation issues presented by Mr. Laub's conduct; submitted a twenty-four page opening brief in support of Defendants' motion (which was supported by two declarations and fourteen exhibits); reviewed and analyzed Mr. Laub's twenty-five page opposition brief, supporting declarations, and exhibits, as well as his separate objection to Defendants' expert declaration; prepared a sixteen-page reply brief (supported by two supplemental declarations and four exhibits); and prepared for and participated in the hearing on the motion. Defendants also expended additional resources in responding to Mr. Laub's *ex parte* application to strike Defendants' reply brief and for leave to file a sur-reply, which the Court rejected. Defense counsel's efforts required approximately 201.9 hours of attorney work—a reasonable amount given the quantity and detail of briefing involved—plus the time expended on this request for fees. Counsel's fees reflect reasonable market-tested rates and are in line with rates that this Court has previously endorsed.

Mr. Laub failed to preserve evidence that he was required to preserve and then he vigorously opposed Defendants' efforts to obtain appropriate sanctions from him, including by filing an unjustified application to strike Defendants' reply brief that

instigated a needless additional round of briefing.  Defendants request that the Court award them $167,173.70 in fees and expenses incurred in this process.

## STATEMENT OF FACTS

Before bringing their Motion for Spoliation Sanctions Against Justice Laub (the "Motion"), Defendants spent more than a year litigating with Plaintiffs over their failure to produce a single text exchanged between the two of them.  *See* Dkt. 152, Dkt. 212, Dkt. 220, Dkt. 254, Dkt. 279, Dkt. 347, Dkt. 380, Dkt. 383, Dkt. 398, Dkt. 430, Dkt. 450.  This Court held that, during the course of that litigation, Plaintiffs made "inaccurate and inconsistent statements about the existence (or lack thereof) of responsive text messages."  Dkt. 450 at 15.  Although Plaintiffs initially stated that it was improper for Defendants to assume that any such texts between the two of them "ever existed," Dkt. 152-1 at 32, it eventually became clear that such texts *did* exist but that Mr. Laub failed to preserve them, even as he selectively preserved other texts relevant to this case.  That conduct formed the basis of Defendants' request for spoliation sanctions against Mr. Laub.  Dkt. 454.

The parties briefed the Motion extensively.  *See* Dkt. 454, Dkt. 461, Dkt. 466. In opposition to the Motion, Mr. Laub raised a host of baseless arguments, including a meritless objection to the declaration of Defendants' expert, which necessitated the preparation and submission of an additional responsive declaration, *see* Dkt. 461-8; Dkt. 466-6, and a legal argument that the Court described as "verging on frivolous," *see* Dkt. 480 at 10 n.2.  After the completion of briefing, Mr. Laub filed an *ex parte* application to strike Defendants' reply brief and for leave to file a sur-reply, which Defendants successfully opposed.  Dkt. 472, Dkt. 473, Dkt. 475.[1]  Following oral argument, *see* Dkt. 474, the Court granted spoliation sanctions against Mr. Laub, *see*

---

[1] As the Court noted during oral argument on the spoliation motion, Judge Kronstadt had previously rejected a nearly identical, improper attempt by Plaintiffs to seek leave to file a sur-reply in connection with an earlier motion.  The Court rejected Mr. Laub's application for the same reasons that Judge Kronstadt rejected Plaintiffs' prior application.  *Compare* Dkt. 475 at 2, *with* Dkt. 334 at 1.

Dkt. 480.  The Court agreed with Defendants that:

- "Plaintiff Laub's destruction of his iPhone, without first backing up the information on it, likely resulted in the loss of [electronically stored information, or ESI]—namely, text conversations between Plaintiff Laub and third parties—and those conversations cannot now be restored or replaced";

- "there were reasonable steps available to Plaintiff Laub to preserve the ESI at issue, and he chose not to take them";

- "Plaintiff Laub's duty to preserve ESI about DRL developed long before the suit was filed";

- "extrinsic evidence indicat[es] that Plaintiff Laub lost text messages that would have been relevant to the defense";

- Mr. Laub's judicial-estoppel argument was "wholly unavailing, even verging on frivolous"; and

- Mr. Laub had not "carried his burden to show <u>no</u> prejudice resulting from his spoliation."

*Id.* at 5–6, 8, 10 & n.2, 11.  Because "all of the requirements have been met for the imposition of sanctions," the Court ordered "monetary sanctions in the amount of $1,200 and an award of the reasonable expenses, including attorneys' fees," incurred in filing the sanctions motion against Mr. Laub.  *Id.* at 12.  The Court stated that Defendants "may file a request for reasonable attorney's fees and expenses in connection with filing and briefing the instant Motion, supported by billing records and appropriate documentation."  *Id.* at 13 (emphasis omitted).

## ARGUMENT

This Court applies the lodestar approach to calculate attorneys' fees when they are awarded as sanctions for spoliation of evidence.  *Mfg. Automation & Software Sys., Inc. v. Hughes*, 2018 WL 5914235, at *3 (C.D. Cal. Sept. 18, 2018) (Stevenson, J.); *see Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir.

2008).  That approach requires a court to "multiply[] the number of hours reasonably expended on a particular motion by a reasonable hourly rate."  *Mfg. Automation & Software Sys.*, 2018 WL 5914235, at *3; *see McAllister v. St. Louis Rams, LLC*, 2018 WL 6164281, at *3 (C.D. Cal. July 2, 2018) (Stevenson, J.).

## I.   DEFENDANTS EXPENDED A REASONABLE NUMBER OF HOURS ON THE MOTION AND THIS REQUEST FOR FEES

### A.   Defendants Reasonably Expended 201.9 Hours on the Motion

Three attorneys—Andrew Ditchfield, Brian M. Burnovski, and Peter M. Bozzo—primarily worked on the Motion.  Their work included (1) researching and drafting the opening brief; (2) preparing a stipulation, at Mr. Laub's request, to extend the briefing schedule and set a new date for oral argument; (3) analyzing Mr. Laub's twenty-five page opposition brief, related declarations and exhibits and evidentiary objection, and researching and drafting the reply brief; (4) responding to Mr. Laub's *ex parte* application to strike Defendants' reply brief and to file a sur-reply; and (5) preparing for and participating in oral argument.

The table below summarizes the number of hours that each attorney spent on the tasks involved in filing and briefing the Motion.

| Attorney | Opening Brief | Stipulation | Reply Brief | Response to *Ex Parte* Application | Oral Argument | TOTAL |
|---|---|---|---|---|---|---|
| Andrew Ditchfield | 3.1 | 0 | 1.3 | 1.1 | 0 | **5.5** |
| Brian M. Burnovski | 31.6 | 0.5 | 38.5 | 8.6 | 14.6 | **93.8** |
| Peter M. Bozzo | 54.1 | 0.5 | 35.9 | 8.6 | 3.5 | **102.6** |
| **TOTAL** | **88.8** | **1.0** | **75.7** | **18.3** | **18.1** | **201.9** |

The relevant individual time entries from March through June 2020, corresponding

and aggregating to the total hours referenced in the table above, are appended to the Declaration of Brian M. Burnovski ("Burnovski Declaration") as Exhibit A.

Notably, Defendants are not seeking compensation for all of the time expended on the Motion. Burnovski Decl. ¶ 9. Defendants' co-counsel at Morrison & Foerster spent over six hours assisting in preparation of the Motion, including facilitating consultations with Defendants' technical expert and reviewing Defendants' submission, which Defendants are not seeking to recover. *Id.* Defendants have also excluded from their submission various additional time entries relating to work performed in connection with preparing the Motion. *Id.*

Based on the quantity and nature of the work involved in briefing the Motion, these hourly allocations are reasonable. Defendants submitted 40 pages of briefing in connection with their opening and reply briefs. Dkt. 454, Dkt. 466. They also submitted four declarations—including two from expert Michael Kunkel (the latter of which was necessitated by Mr. Laub's baseless evidentiary objection), which required consultation and coordination among Defendants' counsel and Mr. Kunkel—and eighteen exhibits. Dkt. 454-2–454-17, Dkt. 466-1–466-6. In his opposition, Mr. Laub raised numerous arguments that—while ultimately baseless— required Defendants to research and address in their reply brief the evidentiary standards governing admissibility of text messages and issues of hearsay; the spoliation standards applicable to litigants who were unrepresented at the time they failed to preserve evidence; and the legal standards related to judicial estoppel—an argument that the Court later described as "verging on frivolous" (Dkt. 480 at 10 n.2). *See* Dkt. 461 at 18–30. Moreover, after briefing should have been complete, Defendants were required to devote nearly 20 additional hours of attorney time— amounting to over $14,000 in fees—in response to Mr. Laub's baseless *ex parte* application to file a sur-reply, despite the fact that Judge Kronstadt had previously rejected as improper a similar application by Plaintiffs in connection with an earlier motion. Dkt. 334 at 1.

Courts in this circuit have upheld fee awards in comparable cases similar to or greater than the amounts requested by Defendants based on their counsel's 201.9 hours of work. *See Keithley v. Homestore.com, Inc.*, 2009 WL 816429, at *1 (N.D. Cal. Mar. 27, 2009) ("[T]he Court awarded $148,269.50 in sanctions to Plaintiffs for the fees and costs incurred in bringing the motion for sanctions regarding spoliation."); *see also Clear-View Techs., Inc. v. Rasnick*, 2015 WL 2251005, at *8 (N.D. Cal. May 13, 2015) (awarding over $212,000 in attorneys' fees as spoliation sanction); *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2009 WL 3617786, at *4 (N.D. Cal. Oct. 29, 2009) (awarding over $257,000 in attorneys' fees and costs as spoliation sanction), *aff'd*, 2010 WL 1691869 (N.D. Cal. Apr. 23, 2010); *cf. Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2014 WL 12586434, at *17, *19 (C.D. Cal. Nov. 7, 2014) (where party requested fees based in part on 332.10 hours devoted to a single motion, court reduced compensable hours by 15%, permitting recovery for over 282 hours of work on that motion). Defendants' time entries and the nature of the spoliation briefing justify their request for compensation for 201.9 hours of work.

**B.      Defendants Reasonably Expended 14.7 Hours on This Fee Request**

As this Court has recognized, parties entitled to attorneys' fees may also recover for "fees on fees." Dkt. 419 at 20; *see also Nguyen v. Regents of Univ. of Cal.*, 2018 WL 6112616, at *5 (C.D. Cal. May 18, 2018) ("A party entitled to attorney fees may also recover additional amounts, or 'fees on fees,' necessarily incurred in obtaining an award." (quoting *Bark v. Northrop*, 300 F.R.D. 486, 495 (D. Or. 2014))); *Gutierrez v. City of Carson*, 2012 WL 13005846, at *2 (C.D. Cal. Sept. 14, 2012) (Kronstadt, J.) ("[R]ecoverable attorney's fees may include fees incurred while doing work on the underlying merits of the action ('merits fees') as well as fees incurred while pursuing merits fees ('fees-on-fees')." (quoting *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995))).

Exhibit B to the Burnovski Declaration reflects the number of hours that

Defendants' counsel reasonably expended in preparing this request for fees, which includes the time spent on researching and drafting the request and compiling the relevant billing records.  In addition to the 14.7 hours of compensable time reflected in those billing records, Defendants will supplement this request with any additional records related to time spent on preparing their reply brief and, if necessary, preparing for oral argument.

## II.   DEFENDANTS' REQUEST FOR ATTORNEYS' FEES REFLECTS A REASONABLE HOURLY RATE

In calculating the lodestar amount of fees, "the established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'"  *Camacho*, 523 F.3d at 979 (quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)); *see Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) ("The prevailing market rate in the community is indicative of a reasonable hour rate.").  As this Court recognizes, "[a] declaration regarding the prevailing rate in the relevant community is sufficient to establish a reasonable hourly rate." Dkt. 419 at 8.

Of the three attorneys whose fees Defendants seek to recover, Mr. Ditchfield (a partner at Davis Polk & Wardwell LLP ("Davis Polk")) bills Defendants at an hourly rate of $1,026; Mr. Burnovski (of counsel at Davis Polk when briefing on the underlying Motion and argument took place) bills Defendants at an hourly rate of $843; and Mr. Bozzo (a fifth-year associate) bills Defendants at an hourly rate of $696.  Burnovski Decl. ¶¶ 6–8.  These rates reflect a substantial discount from the standard rate charged for work by each of these attorneys.  *Id.*

Each attorney's hourly rate is appropriate in light of his skill level and experience:

- Mr. Ditchfield is a graduate of Georgetown University Law Center who clerked for Judge Lewis A. Kaplan of the United States District Court for the

Southern District of New York and Judge Robert A. Katzmann of the Second Circuit Court of Appeals. *Id.* ¶ 6. He has worked at Davis Polk since 2009 and was promoted to partner in 2016. *Id.* He has been lead trial counsel and has extensive experience working on complex civil litigation, with a particular focus on cases involving mergers and acquisitions, contract disputes and other complex commercial litigation, securities litigation, and shareholder derivative suits. *Id.*

- Mr. Burnovski is a graduate of New York University School of Law who has worked at Davis Polk since 2006 and was promoted to partner in July 2020. *Id.* ¶ 7. He represents clients in a broad range of complex civil litigation, including securities litigation, shareholder derivative suits, acquisition-related litigation, bankruptcy-related matters, and complex commercial disputes, in addition to representing companies and boards of directors in internal and government investigations. *Id.*

- Mr. Bozzo is a graduate of Yale Law School who clerked for Judge Jeffrey S. Sutton of the Sixth Circuit Court of Appeals and has worked at Davis Polk since 2016. *Id.* ¶ 8.

These rates are in line with those charged for attorneys of similar experience by comparable law firms. The *National Law Journal*'s ("*NLJ*") most recent Billing Report, which lists hourly rates charged by a number of firms in 2017 and on which this Court previously relied, *see* Dkt. 419 at 12; *see also* Dkt. 357-3, shows that the average hourly rates for partners at comparable firms can be as high as $1,350—with average hourly rates for associates exceeding $700 at some firms. Burnovski Decl. ¶ 4 & Ex. C. These rates are also in line with those that courts have permitted parties to recover in connection with prior lawsuits of similar complexity (after adjusting for inflation). *See Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *15, *20, *30 (C.D. Cal. Mar. 24, 2015) (permitting recovery of billing rates, based on work performed in 2011–2014, ranging from $825–$930 per hour for a senior partner,

$610–$750 per hour for junior partners, and $350–$690 for associates); *see also* Dkt. 419 at 11–12 (holding that Defendants' rates of $820 per hour for a partner, $562.50 per hour for a sixth-year associate, and $570 per hour for another associate were "well within the range for attorneys of similar skill and experience in the Los Angeles legal market" based on work performed in 2018 and 2019).

Applying the lodestar approach, these reasonable hourly rates—multiplied by the reasonable number of hours expended by Defendants on the Motion—result in recoverable attorneys' fees of $166,973.70.

| Attorney | Number of Hours | Rate | Total Fees |
|---|---|---|---|
| Andrew Ditchfield | 6.7 | $1,026/hour | **$6,874.20** |
| Brian M. Burnovski | 95.3 | $843/hour | **$80,337.90** |
| Peter M. Bozzo | 114.6 | $696/hour | **$79,761.60** |
| **TOTAL** | **216.6** | **N/A** | **$166,973.70** |

## III. DEFENDANTS ARE ENTITLED TO $200 IN EXPENSES INCURRED IN CONNECTION WITH THE MOTION

In support of the Motion, Defendants submitted two declarations prepared by Michael Kunkel, a forensics expert who rebutted Mr. Laub's assertion that text messages were no longer accessible on his iPhone after those text messages were deleted. Dkt. 454-16, Dkt. 466-6. The cost of Mr. Kunkel's work in preparing these declarations was $200, as reflected in Exhibit D. Consistent with this Court's award of "reasonable attorney's fees *and expenses*," Dkt. 480 at 13 (emphasis added), Defendants seek to recover $200 in expert expenses in addition to their $166,973.70 in attorneys' fees.

# **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' request for $167,173.70 in attorneys' fees and expenses.

Dated:  August 5, 2020

DAVIS POLK & WARDWELL LLP

*/s/  Andrew Ditchfield*
Andrew Ditchfield

*Attorneys for Defendants*
NICHOLAS HORBACZEWSKI and
DRONE RACING LEAGUE, INC.
