KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

ANDREW DITCHFIELD (admitted *pro hac vice*)
BRIAN M. BURNOVSKI (admitted *pro hac vice*)
andrew.ditchfield@davispolk.com
brian.burnovski@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: 212.450.4000
Facsimile: 212.701.5800

Attorneys for Defendants
NICHOLAS HORBACZEWSKI and
DRONE RACING LEAGUE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUSTICE LAUB and DANIEL KANES,<br><br>Plaintiffs,<br><br>v.<br><br>NICHOLAS HORBACZEWSKI, DRONE RACING LEAGUE, INC., and DOES 1 TO 10,<br><br>Defendants. | Case No. 2:17-CV-06210 JAK (KSx)<br><br>**DEFENDANTS' FIRST *EX PARTE* APPLICATION TO EXTEND PAGE LIMIT (OPPOSED)**<br><br>Action Filed:    July 10, 2017<br>Disc. Cut-Off:  November 30, 2018<br>Pretrial Conf:   None Set<br>Trial Date:      None Set<br><br>Hon. Karen L. Stevenson |

Pursuant to Civil Local Rule 7-19, Defendants Nicholas Horbaczewski and Drone Racing League, Inc. ("DRL") apply *ex parte* for an order extending the page limit of their reply letter-brief regarding Plaintiffs' failure to comply with the Court's September 16, 2020 order to allow for the filing of a single five-page exhibit.

During a telephonic conference on October 28, 2020 (and as reflected in a minute order dated October 29, 2020), the Court permitted Defendants to file a six-page letter-brief, inclusive of any exhibits, regarding a privilege dispute between the parties. Dkt. 529 at 1. The Court stated that Plaintiffs could file a six-page opposition (along with copies of the challenged privilege log entries) and that Defendants could file a three-page reply. *Id.* The Court further indicated that Defendants could request an extension of the three-page limit if they believed that it would be appropriate to attach any relevant exhibits in order to respond to Plaintiffs' arguments. Having now reviewed Plaintiffs' opposition, and as explained in greater detail in Defendants' accompanying memorandum of law, Defendants respectfully seek such relief and request that the Court permit them to append a single exhibit (of five pages in length) to their reply brief so that the Court may consider such information in assessing Plaintiffs' arguments.

On November 12, 2020, Defendants' counsel emailed Plaintiffs' counsel to inquire if they would consent to the requested relief. Burnovski Declaration ¶ 2. On November 13, 2020, Plaintiffs' counsel responded, indicating that Plaintiffs would not consent. *Id.* ¶ 3 & Ex. A. On November 13, 2020, Defendants' counsel called and emailed Plaintiffs' counsel to notify them of Defendants' intent to file this *ex parte* application. *Id.* Plaintiffs' counsel responded by email to advise that Plaintiffs would oppose the application. *Id.*

Pursuant to Local Rule 7-19, the name, address, telephone number, and email address for Plaintiffs' counsel is: Patrick M. Ryan, Stephen C. Steinberg, Chad DeVeaux, Gabriella A. Wilkins, and Joseph John Fraresso of the law firm Bartko

1  Zankel Bunzel & Miller, located at One Embarcadero Center, Suite 800, San
2  Francisco, California 94111, 415.956.1900, and pryan@bzbm.com,
3  ssteinberg@bzbm.com, cdeveaux@bzbm.com, gwilkins@bzbm.com, and
4  jfraresso@bzbm.com.
5       This application is based on the attached Memorandum of Points and
6  Authorities, the declaration of Brian M. Burnovski and the exhibit thereto, and all the
7  pleadings and papers on file in this action and all of this Court's records pertaining
8  thereto, and upon such other matters as may be raised before any hearing on this
9  application.

10 Dated:    November 13, 2020         ANDREW DITCHFIELD
                                       BRIAN M. BURNOVSKI
11                                     DAVIS POLK & WARDWELL LLP

13                                     By: */s/ Brian M. Burnovski*
                                           Brian M. Burnovski

15                                     Attorneys for Defendants
                                       NICHOLAS HORBACZEWSKI
16                                     and DRONE RACING LEAGUE, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants respectfully request that the Court extend the three-page limit allotted to Defendants for their reply letter-brief regarding the parties' pending privilege dispute. The Court previously indicated during an October 28, 2020 pre-motion conference that Defendants could request an extension of the three-page limit if they believed, after reviewing Plaintiffs' opposition, that it would be appropriate to attach any relevant exhibits to respond to Plaintiffs' arguments. Having now received Plaintiffs' opposition, Defendants ask for permission to attach (under seal) a single exhibit consisting of five pages of Plaintiffs' texts to respond to the arguments that Plaintiffs have made in their opposition brief.

Defendants' opening letter-brief argued that Plaintiffs had failed to meet their burden to establish the applicability of the attorney-client privilege to 44 text messages that Plaintiffs continue to withhold in whole or in part. Dkt. 530. As context for Defendants' position that Plaintiffs' continuing, conclusory assertions of privilege over these texts are not credible, Defendants' opening brief noted that Plaintiffs had previously misrepresented to the Court the applicability of the privilege to more than 100 other text messages that were the subject of Defendants' initial motion to compel, which Plaintiffs later produced in full in response to the Court's September 16, 2020 order (Dkt. No. 484). As Defendants explained, "Despite having unequivocally represented to the Court that *all 151* of the text messages previously challenged by Defendants 'reflect[ed] confidential communications Plaintiffs had with attorneys related to the subject of the potential attorney-client relationship,' Plaintiffs' revised production revealed the falsity of those representations." Dkt. 530 at 1–2 (citation omitted). Plaintiffs' opposition denies that Plaintiffs made any misrepresentations, defending their original privilege calls as merely a good-faith difference of opinion regarding the applicability of the privilege as to content that fell into a legal "gray area." Dkt. 533 at 1–2, 3 n.3. The content of the texts belies that

assertion. Rather, it reveals that Plaintiffs' *factual* representations to the Court about the content of those texts, in support of their since-abandoned privilege assertions, were simply untrue.

Accordingly, Defendants propose to submit a five-page exhibit that includes the content of the 100+ texts that Plaintiffs produced in response to the September 16 order (over which they no longer claim privilege), together with the log entries that Plaintiffs had previously provided for those 100+ texts. This information is directly relevant to the Court's assessment of Plaintiffs' credibility with respect to the factual assertions underlying their continuing claim of privilege over the 44 texts that remain in dispute. The volume of texts reflected in the five-page exhibit is quite manageable and would not unduly burden the Court. Nor would Plaintiffs suffer any prejudice from the submission of the texts, as it would not impose any burden or expense on them, and they plainly had access to this information in responding to the arguments in Defendants' opening brief.

## CONCLUSION

For these reasons, Defendants request that the Court extend the page limit of their reply letter-brief to allow them to include the five-page exhibit.

Dated: November 13, 2020                    Respectfully submitted,

DAVIS POLK & WARDWELL LLP

*/s/ Brian M. Burnovski*
   *Brian M. Burnovski*

*Attorneys for Defendants*